IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK NELLOM,** : | |
|     **Plaintiff,** : | |
| : | |
|     v. : | **Case No. 2:22-cv-1092-JDW** |
| : | |
| **JAMES KENNEY,** *et al.*, : | |
|     **Defendants.** : | |

## **MEMORANDUM**

Frank Nellom has filed a Petition seeking *habeas corpus* on behalf of two minor relatives. The Petition suffers from at least two fatal flaws: (a) habeas relief is not available in these circumstances; and (b) Mr. Nellom cannot represent the interests of minors; he could only represent himself. The Court will grant Mr. Nellom leave to proceed *in forma pauperis* but will dismiss his claim with prejudice because there is nothing he could add in an amended pleading that would change the outcome.

*First*, Mr. Nellom has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. His application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees. The Court will grant him leave to proceed *in forma pauperis*.

*Second*, Mr. Nellom cannot pursue habeas relief in this context. The Supreme Court has explained that "federal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982). In *Lehman*, the Court reaffirmed that 28 U.S.C. § 2254 "does

not confer federal-court jurisdiction" to review state court custody determinations. The Court therefore does not have jurisdiction to hear Mr. Nellom's petition.

*Third*, even if the Court could hear a habeas petition concerning the minor children's status, Mr. Nellom could not represent the children in that proceeding. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991). But it does not allow a non-attorney like Mr. Nellom to represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998).

## CONCLUSION

Because the Court does not have jurisdiction to hear Mr. Nellom's habeas petition, it will dismiss the claim. And, because nothing Mr. Nellom could add in an amended pleading could cure that jurisdictional defect, the Court will do so with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

April 15, 2022